```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :    Criminal No. 06-368 (RJL)
                              :
          v.                  :
                              :
JAMES ANTHONY AUSTIN,         :
                              :
          Defendant.          :
                              :
```

GOVERNMENT'S MEMORANDUM OF LAW IN ADVANCE OF MENTAL
HEALTH HEARING PURSUANT TO *SELL v. UNITED STATES*

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this memorandum of law in advance of a mental health hearing, currently scheduled for Friday, October 26, 2007, to determine if the defendant will be involuntarily administered anti-psychotic medications. At the request of the Magistrate Judge, the government states as follows:[1]

1. The defendant is charged in a one-count indictment with threatening to murder a judge of the Superior Court of the District of Columbia, in violation of Title 18, United States Code, Section 115. It is alleged, that on December 4, 2006, while a patient at Saint Elizabeth's Hospital, the defendant called the chambers of Judge John Ramsay Johnson (who was then assigned to preside over a

---

[1] The government notes that the Court had requested a joint memorandum of law, prepared with the participation of the defendant's counsel. A draft of this memorandum was supplied to defense counsel, who acknowledged receipt, but has not responded to the government's request for concurrence in time to meet the filing deadline set by the Court.

2

criminal case in which the defendant was charged with threatening to harm his mother) and threatened to sexually assault and kill him.

2. The defendant has a history of criminal activity and mental health treatment. In each of his most recent arrests, it was the opinion of mental health professionals at Saint Elizabeth's Hospital that the defendant was incompetent to stand trial.

3. On December 20, 2006, after the defendant's arrest in this case, Magistrate Judge Alan Kay ordered that the defendant be committed to the custody of the federal Bureau of Prisons, for evaluation. In a report dated February 22, 2007, Dr. William Ryan, a staff psychologist at the Metropolitan Correctional Center in New York, New York, concluded that the defendant was currently incompetent to stand trial. The diagnosis in the report is "Delusional Disorder, Persecutory Type." *See* Opinion of William Ryan, PhD., dated February 22, 2007, at page 5.

4. Dr. Ryan's report recommended that the defendant receive treatment for restoration to competency, pursuant to Title 18, United States Code, Section 4241(d). *Id*. At page 8, ¶2.

5. Pursuant to a Court Order, the defendant was then transferred to the Federal Medical Center at Springfield, Missouri, where he was treated from April 5, 2007 to July 31, 2007. *See* Report of Chad Brinkley, PhD., dated July 31, 2007. Dr. Brinkley has concluded that the defendant remains incompetent, and "is unlikely to be restored to competency in the foreseeable future

3

unless he can be treated with anti-psychotic medications." *Id*. at page 26.

6.  This Court has scheduled a hearing for October 26, 2007, to determine whether the Court should order that the defendant be medicated involuntarily.[2]  The Court has requested this memorandum, in advance of the hearing, and first has asked the parties to advise how many witnesses are expected to be called.  As of the submission of this memorandum, it is expected that only Dr. Chad Brinkley will testify.

7.  Next, the Court has asked for recent cases that demonstrate the application of the factors necessary for the issue presented here, since the Supreme Court decision in United States v. Sell, 539 U.S. 166 (2003), which established a four-part analysis to determine whether to involuntarily administer anti-psychotic medications:

> (1) "a court must fine that *important* governmental interests are at stake"; (2) "the court must conclude that involuntary medication will *significantly further* . . . state interests . . . [in that the] administration of the drugs is substantially likely to render the defendant competent to stand trial . . . [and that] administration of the drugs is substantially unlikely to have side effects that will interfere significantly with the defendant's ability to assist counsel in conducting a trial defense"; (3) "the court must conclude that involuntary medication is necessary to further those interests . . . [in that] any alternative,

---

[2] The parties are requesting that the Magistrate Judge issue findings of fact and a recommendation to the District Court.  *See* United States v. Rivera-Guerrero, 377 F.3d 1064 (9th Cir. 2004).

4

>less intrusive treatments are unlikely to achieve substantially the same results"; and (4) "the court must conclude that administration of the drugs is *medically appropriate*, *i.e.,* in the patient's best medical interest in light of his medical condition."

United States v. Archuleta, 218 Fed. Appx. 754, 755-756, 2007 WL 549377 (10th Cir. 2007), *citing* Sell, *supra*, 539 U.S. at 180-81 (emphasis in *Archuleta*).  See also United States v. Morrison, 415 F. 3d 1180, 1181 (10th Cir. 2005).

8.  The most complete discussion of the *Sell* factors that was found in the government's research is the Tenth Circuit's review set forth in United States v. Valenzuela-Puentes, 479 F.3d 1220 (10th Cir. Mar. 15, 2007), which describes varying standards for the review of each of the *Sell* factors, as well as alternative bases for the administration of involuntary medication, such as imminent danger to self or others.  *Id*. at 1224, *citing* Washington v. Harper, 494 U.S. 210 (1990).[3]

9.  Finally, we note that Dr. Brinkley will be traveling from Springfield, Missouri to Washington, D.C., late in the day, Thursday, October 25, 2007, in order to appear in court by 9:30 a.m., for the hearing.  If there is any reason that the parties of the Court will not be able to proceed with the hearing, it is

---

[3]  We note that Dr. Brinkley's July 31, 2007 report states that the defendant does not currently meet the *Harper* criteria, but recommends, should the Court decline to order the involuntary administration of medication, that he be evaluated to determine if he would be a danger to others, if released into the community.  *See* Report of Dr. Brinkley at pate 26.

5

requested that the government be contacted in time to prevent inconvenience to the witness.

WHEREFORE, the government submits this memorandum of law, in advance of the mental health hearing scheduled for October 26, 2007.

                           Respectfully Submitted,

                           JEFFREY A. TAYLOR
                           UNITED STATES ATTORNEY
                           D.C. Bar Number 498610

By:           /s/
                           _____
                           BARBARA E. KITTAY
                           ASSISTANT U.S. ATTORNEY
                           D.C. Bar Number 414216
                           United States Attorney's Office
                           555 Fourth Street, N.W., Rm. 4846
                           Washington, D.C.  20530
                           Tel. (202) 514-6940
                           barbara.kittay @usdoj.gov