IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 06-368 (RJL/DAR) |
| JAMES A. AUSTIN, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S MEMORANDUM IN ADVANCE OF *SELL* HEARING**

Defendant, James A. Austin, through undersigned counsel, respectfully submits this memorandum in advance of the *Sell* hearing scheduled for October 26, 2007. The defense does not have any material disagreements with the Memorandum of Law submitted by the government. The defense does wish to highlight, however, the *Sell* Court's consideration of the factor regarding the "importance of the governmental trial related interests." *Sell v. United States*, 529 U.S. 166, 189-180 (2003).

In *Sell v. United States*, the Court addressed the "limited circumstances" in which a defendant may be involuntary medicated to render him competent to stand trial. The Court began its discussion in *Sell* by setting forth a standard for courts to examine before ordering involuntary medication of a defendant to make him competent to stand trial:

> the Constitution permits the Government involuntarily to administer antipsychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial, but only if the treatment is medically appropriate, is substantially unlikely to have side effects that may undermine the fairness of the trial, and, taking account of less intrusive alternatives, *is necessary to further important governmental trial-related interests.*
>
> This standard will permit involuntary administration of drugs solely for trial competence purposes in certain instances. *But those instances may be rare.*

*Id.* at 179-180 (emphasis added).

In language important to this case, the Court further elaborated on the factor of the "importance" of the government's interest. *Id.* The Court held:

> Courts, however, must consider the facts of the individual case in evaluating the Government's interest in prosecution. Special circumstances may lessen the importance of that interest. The defendant's failure to take drugs voluntarily, for example, may mean lengthy confinement in an institution for the mentally ill – and that would diminish the risks that ordinarily attach to freeing without punishment one who has committed a serious crime. We do not mean to suggest that civil commitment is a substitute for a criminal trial. The Government has a substantial interest in timely prosecution. And it may be difficult or impossible to try a defendant who regains competence after years of commitment during which memories may fade and evidence may be lost. The potential for future confinement affects, but does not totally undermine, the strength of the need fro prosecution. *The same is true of the possibility that the defendant has already been confined for a significant amount of time* (for which he would receive credit towards any sentence ultimately imposed, see 18 U.S.C. § 3585(b)).

*Id.* at 180-81 (emphasis added).

Here, the Guideline applicable to this alleged violation of 18 U.S.C. § 115 is § 2A6.1, which has a base offense level of 12. A 4-level reduction would be warranted because "the offense involved a single instance evidencing little or no deliberation," resulting in an offense level of 8. While the available information concerning Mr. Austin's criminal history is somewhat ambiguous, he appears to have 8 criminal history points at the most, placing him in criminal history category IV.[1] Assuming no credit for acceptance of responsibility, Mr. Austin's Guidelines range would be 10-16 months. If Mr. Austin plead guilty and received a two-level reduction for acceptance of responsibility, § 3E1.1, his offense level would be 6-12 months. Mr.

---

[1] This calculation is based on the criminal history set forth in Mr. Austin's Pretrial Services Report. The defense notes that two of Mr. Austin's convictions are from 1989, and therefore may not fall within the 15-year window for counting prior convictions under the Guidelines. The defense has included those convictions for the purpose of the above calculation.

Austin was arrested in this case on December 20, 2006, and therefore should have approximately 10 months of jail credit at this time.

The defense respectfully submits that, consistent with *Sell*, the Court should consider Mr. Austin's potential exposure under the Guidelines when determining whether Mr. Austin should be forcibly medicated under the *Sell* criteria.

Respectfully submitted,

A.J. KRAMER

Federal Public Defender

_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500, ex. 134