UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 06-368 (RJL) |
| v. | : | |
| JAMES ANTHONY AUSTIN, | : | |
| Defendant. | : | |

## GOVERNMENT'S RESPONSE TO THE REQUEST FOR TESTIMONY USING TELECONFERENCING TECHNOLOGY

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the request of the Chief Psychiatrist of the Federal Medical Center at Springfield, Missouri, that he be allowed to testify by way of teleconferencing technology, and states as follows:

1. The defendant is charged in a one-count indictment with threatening to murder a judge of the Superior Court of the District of Columbia, while he was a patient at St. Elizabeth's Hospital, in violation of Title 18, United States Code, Section 115.

2. To date, the mental health professionals examining and attempting to treat the defendant have advised that he remains incompetent to stand trial.  This Court has heard testimony relating to the government's request that the defendant be involuntarily medicated with anti-psychotic drugs, and it is proposed that the Court receive additional testimony, from Robert Sarrazin, M.D., the Chief Psychiatrist of the Federal Medical Center at Springfield, Missouri, on December 7, 2007.

2

3.  Dr. Sarrazin has requested that he be permitted to testify by way of teleconferencing technology, because he has numerous clinical duties that demand his attention.  Dr. Sarrazin will be prepared to make a complete record of the extent of those clinical duties, when he testifies before this Court.

4.  For the reasons set forth in United States v. Moruzin, Slip Opinion, 2007 WL 2914903 (D.N.J. October 1, 2007), the government requests that this Court grant Dr. Sarrazin's request.  It is true that the doctor/witness in *Moruzin* was too ill to travel to the District Court, but the Court's reasoning was that the confrontation clause was a trial right and did not necessarily apply to a *Sell* hearing, and that the defendant's due process rights were not substantially impaired by the substitution of teleconferencing technology for a personal appearance.  *Id*.  The government believes the same principles apply in this case.

5.  The government also alerts the Court that it will be contacted by the U.S. Marshals Service, which reports that regular transport of the defendant could most efficiently be accomplished by December 10, not December 7.  They will most likely request a delay of a few business days, if the Court is willing (although they most certainly will follow the Court's direction, in this regard).  If the Court is willing to delay the hearing by a few days, permission to accept Dr. Sarrazin's testimony by teleconferencing technology will also facilitate the efficient re-scheduling of this matter.

3

\* \* \*

WHEREFORE, the government requests that Dr. Sarrazin be permitted to testify with teleconferencing technology.

                              Respectfully Submitted,

                              JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY
                              D.C. Bar Number 498610

By: _____

                              BARBARA E. KITTAY
                              ASSISTANT U.S. ATTORNEY
                              D.C. Bar Number 414216
                              United States Attorney's Office
                              555 Fourth Street, N.W., Rm. 4846
                              Washington, D.C.  20530
                              Tel. (202) 514-6940
                              barbara.kittay @usdoj.gov