IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 06-368 (RJL/DAR) |
| | ) | |
| JAMES A. AUSTIN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO THE REQUEST FOR
TESTIMONY USING TELECONFERENCE TECHNOLOGY**

Defendant, James A. Austin, through undersigned counsel, respectfully submits this memorandum in opposition to the request from Dr. Robert Sarrazin, M.D. to participate at defendant's continued *Sell* hearing through "teleconferencing technology." The defense respectfully submits that utilizing teleconferencing technology will undermine defendant's due process right to effective cross-examination. Accordingly, if the government wishes to proceed with its application to forcibly inject Mr. Austin with anti-psychotic medication(s), it should be required to bring Dr. Sarrazin to Court for live testimony at the continued *Sell* hearing.

**BACKGROUND**

On October 26, 2007, the Court conducted a hearing pursuant to *Sell v. United States*, 529 U.S. 166, 189-180 (2003). The government's one and only witness was Dr. Chad Brinkley, a psychologist from Springfield Federal Medical Center in Springfield, Missouri ("Springfield FMC"). Because of Dr. Brinkley's limited training in the administration of drugs and psychiatry, he could not provide meaningful testimony to the Court on at least several of the factors this Court must evaluate under *Sell*.

On October 30, 2007, the government asked that the *Sell* hearing be further continued so that it may present the testimony of a competent witness. As part of its request, the government also asked that Mr. Austin be returned to Springfield FMC for additional observation (in addition to the four months Mr. Austin had already spent at Springfield FMC pursuant to the previous commitment). The Court granted the government's motion to continue the *Sell* hearing over defendant's objection. The Court scheduled the continued hearing for December 7, 2007.

At the conclusion of the October 30th hearing, the government also requested that its witness for the December 7th hearing, Dr. Robert G. Sarrazin, be allowed to participate by teleconference. The Court denied the request. The Court stated:

> With respect to the Government's request that Dr. Sarrazin appear by teleconference, the Court will deny that request and require that Dr. Sarrazin be present. While the Court recognizes that there is travel time required, nothing has been presented from which the Court could infer that Dr. Sarrazin cannot be present and, in addition, the Court finds that the fact-finding process would be aided by his presence here in the courtroom, particularly in a circumstance such as this where it may be necessary for the witness to resort to records that are not readily accessible to the Court or as to which the Court can't make a complete determination of what the witness will be reviewing, where there will be I am certain vigorous cross-examination and both counsel and the Court will be better able to assess, for example, the witness' recollection and the basis for his testimony if he is present.

October 30, 2007 Tr. at 16 (Ex. 1).

On November 20, 2007, Dr. Sarrazin submitted a letter to the Court requesting an appearance by teleconference. The letter asserts that Dr. Sarrazin "does not have the two or three days that are required for travel for in person testimony." November 20, 2007 letter to the Honorable Deborah A. Robinson from Robert G. Sarrazin, M.D. The government has submitted a response in support of Dr. Sarrazin's position.

**DISCUSSION**

The defense respectfully submits that the proposed teleconferencing of Dr. Sarrazin's testimony would violate Mr. Austin's right to due process. *See, e.g., Vatic v. Jones*, 445 U.S. 480, 494-95 (1980) (determining that a prison inmate facing the prospect of being transferred to a mental hospital had a due process right "to confront and cross-examine witnesses called by the state, except upon a finding, not arbitrarily made, of good cause for not permitting such . . . confrontation, or cross-examination). In *United States v. Moruzin*, 2007 WL 2914903 (D.N.J.), the sole case cited by the government in support of its teleconferencing position, the Court "look[ed] to three factors" to determine whether teleconferencing testimony at a *Sell* hearing violated a defendant's right to due process:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* (quoting *Wilkinson v. Austin*, 545 U.S. 209, 224-25 (2005) (quoting *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976))).

With respect to the first factor–the individual interest at stake–there is no question that "an individual has a significant constitutionally protected liberty interest in avoiding the unwanted administration of antipsychotic drugs." *Sell*, 539 U.S. at 178 (internal quotations and citations omitted).

Under the second prong of the due process inquiry, courts evaluate the risks posed that the procedures in question will result in the erroneous deprivation of a defendant's liberty interest.

*Matthews*, 424 U.S. at 335.  In this case, neither the government nor Dr. Sarrazin has tendered a proposal for how the video-conferencing of Dr. Sarrazin's testimony would work logistically.  Moreover, neither the government nor Dr. Sarrazin has provided a list of materials (or the materials themselves) upon which Dr. Sarrazin will base his opinion.  It is entirely unclear how defense counsel is expected to cross-examine Dr. Sarrazin with respect to documentary materials, such as medical records, through a teleconferencing medium.  As the Court suggested at the October 30th hearing, the fact-finding process will suffer under these circumstances.  *See* October 30, 2007 Tr. at 16 (Ex. 1).  Without having the ability to work with Dr. Sarrazin in an in-court setting, Mr. Austin's full rights to cross-examination will undoubtedly be compromised.

Under the third and final prong, courts look to the governmental interest served by employing the procedure in question.  Here, that interest appears to be that Dr. Sarrazin "does not have the two or three days that are required for travel for in person testimony."  There are no special circumstances attendant to Dr. Sarrazin's request; essentially, it is a blanket request to always participate in *Sell* hearings (or any similar hearings) in this District by teleconference, because of the inconvenience involved in traveling to Washington, D.C. to testify.  The inconvenience at issue here makes this case most unlike *Moruzin*, 2007 WL 2914903, where the only psychiatrist qualified to testify concerning the defendant's mental health suffered from "a health condition that prevents him from traveling and that restricts his ability to testify in court."  *Id.* at *6.  The *Moruzin* court found that "[i]t is clear [that the doctor's] condition does not permit him to travel from his North Carolina office to this courthouse in New Jersey by any means of public transportation or private conveyance."  *Id.*  Given the foregoing circumstances, the court found that the facts "present[ed] ***an extraordinary situation*** where video-conference testimony

[was] justified." *Id.* at *7 (emphasis added). Here, no such extraordinary facts or circumstances exist.

## CONCLUSION

Based on the foregoing, and all other reasons just and proper, the defense respectfully submits that Dr. Sarrazin should be required to appear in Court at the December 7, 2007 continued *Sell* hearing in this matter.

Respectfully submitted,

A.J. KRAMER

Federal Public Defender

_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500, ex. 134

Page 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Docket No. CR06-368 |
| | : | October 30, 2007 |
| Plaintiff, | : | |
| | : | 3:00 p.m. |
| | : | |
| v. | : | |
| | : | |
| JAMES ANTHONY AUSTIN, | : | |
| | : | |
| Defendant. | : | |

. . . . . . . . . . . . . . .

TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE MAGISTRATE JUDGE DEBORAH A. ROBINSON

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | BARBARA KITTAY, ESQ.<br>Assistant U.S. Attorney<br>555 4th Street, NW<br>Washington, DC 20001 |
| For the Defendant: | JONATHAN JEFFRESS, ESQ.<br>Federal Public Defender's Office<br>625 Indiana Avenue, NW<br>Washington, DC 20001 |
| Court Reporter: | PATTY ARTRIP GELS, RMR<br>Official Court Reporter<br>Room 4700-A, U.S. Courthouse<br>Washington, D.C. 20001<br>(202) 962-0200 |

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

```
 1   in early December and we will confer about dates in a moment.
 2            With respect to the Government's request that Dr.
 3   Sarrazin appear by teleconference, the Court will deny that
 4   request and require Dr. Sarrazin to be present.  While the Court
 5   recognizes that there is travel time required, nothing has been
 6   presented from which the Court could infer that Dr. Sarrazin
 7   cannot be present and, in addition, the Court finds that the
 8   fact finding process would be aided by his presence here in the
 9   courtroom, particularly in a circumstance such as this where it
10   may be necessary for the witness to resort to records that are
11   not readily accessible to the Court or as to which the Court
12   can't make a complete determination of what the witness is
13   reviewing, where there will be I am certain a vigorous
14   Cross-Examination and both counsel and the Court will be better
15   able to assess, for example, the witness' recollection and the
16   basis for his testimony if he is present.
17            Finally, the Court will deny the request that Mr.
18   Austin be present only through teleconference and will order
19   that the Government expedite Mr. Austin's return to the
20   courthouse, to the District of Columbia for the hearing just as
21   it will his return to the hospital in Springfield.
22            Mr. Austin has every right to be present.  There is no
23   authority which requires that he appear through teleconference.
24   There is no reason that Mr. Austin cannot be present.  He was
25   transported to this District for the proceedings that we have
```