IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 06-368 (RJL/DAR) |
| JAMES A. AUSTIN, | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT'S MOTION TO SUPPLEMENT RECORD OF *SELL* HEARING

Defendant, James A. Austin, through undersigned counsel, respectfully submits this motion to supplement the record of the hearing before this Court on the United States' application to involuntarily medicate Mr. Austin under *Sell v. United States*, 529 U.S. 166, 189 (2003).  By this Motion, the defense respectfully requests that the Court reopen the *Sell* hearing for two limited purposes:  (1) to admit defense exhibit 11, which is a medical record from Mr. Austin's 2006-2007 admission to St. Elizabeth's Hospital; and (2) to take judicial notice of several undisputed facts concerning developments in this case since the close of evidence in the *Sell* hearing on February 11, 2008.

**Proposed Defense Exhibit 11.**[1]

First, the defense respectfully requests that the Court re-open the evidence in the *Sell* hearing in order to admit a document marked as defense exhibit 11.  Defense exhibit 11 is a Discharge Summary from St. Elizabeth's Hospital issued on January 30, 2007.  For unknown

---

[1] Counsel is not submitting defense exhibit 11 as an exhibit to the ECF filing, because of concerns over the public dissemination of medical records.  Counsel will separately transmit the document to government counsel and to the Court through a sealed filing and electronically mailed courtesy copy.

reasons, this document was apparently not included in the records produced to defense counsel by the government prior to the *Sell* hearing.[2] Following the recent proceedings before the Court on April 10, 2008 and April 14, 2008, Mr. Austin's defense counsel from the District of Columbia Public Defender's Service provided this document to defense counsel.

In defense exhibit 11, Mr. Austin's doctors from St. Elizabeth's recount Mr. Austin's experience with forced medication during his eighth admission to St. Elizabeth's, which was from September 25, 2006 to January 18, 2007. The summary states in relevant part:

> Mr. Austin was also prescribed psychotropic medication, as well as medication to control his hypertension. He refused to take all medication upon admission. The Involuntary Medication Committee met on 10/20/06 and unanimously recommended that he be medicated involuntarily. Subsequently, Mr. Austin was compliant with the administration of psychotropic medication, but continued to refuse prescribed medication for hypertension. ***Unfortunately, his psychosis symptoms were not altered by the administration of anti-psychotic medication.***

*Id.* (emphasis added).

Defense exhibit 11 is clearly relevant to this Court's inquiry under *Sell*. Specifically, the document is probative of the second factor under *Sell*, which is whether involuntarily medicating the defendant is "substantially likely to render the defendant competent to stand trial." *Id.* at 180. In addition, there is good cause for why the document was not previously submitted to the Court, which is that it was apparently not among the documents produced to defense counsel by the government. Accordingly, the defense respectfully submits that the Court should re-open the *Sell* hearing to permit the admission of defense exhibit 11.

---

[2] Those records were produced to defense counsel as discovery for the *Sell* hearing pursuant to Federal Rule of Criminal Procedure 16. Defense counsel is not suggesting that the government deliberately withheld defense exhibit 11 from those records, but defense counsel had not seen this document until it was provided by Mr. Austin's attorney from the Public Defender Service, David Norman, Esq., in April 2008.

**Judicial Notice**

Second, the defense respectfully requests that the Court re-open the evidence in the *Sell* hearing to take judicial notice of several indisputable facts which have materialized since the close of the evidence in the *Sell* hearing on February 11, 2008. Under Federal Rule of Evidence 201(b)(2), a court may take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Under subsection (d), a "court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).

Here, the defense requests that the Court take judicial notice of several indisputable facts. While the defense has not yet been able to obtain a transcript of the hearings before the Court on April 10 and April 14, defense counsel recalls no dispute about these facts, which were discussed at the hearings.[3] Specifically, the defense asks the Court to take judicial notice of the following:

1. By Order of the Superior Court for the District of Columbia, Mr. Austin was transferred from the D.C. Jail to St. Elizabeth's Hospital, John Howard Pavilion, on or about March 4, 2008. *See* Ex. 1 (Release Order).

2. By March 31, 2008, Mr. Austin's doctors had prescribed Zyprexa, 10 mgs. (Zydis) but Mr. Austin was refusing the medication. Mr. Austin was referred for involuntary medication. *See* Ex. 2 (March 31, 2008 letter).

3. A St. Elizabeth's Medication Review Panel met on April 7, 2008 to consider the issue of involuntarily medicating Mr. Austin. *See, e.g.*, Ex. 3 (April 3, 2008 letter

---

[3] Defense counsel understands that Protypist is currently in the process of preparing expedited transcripts of the April 11 and 14 hearings.

      from PDS Attorney David Norman, Esq. to Deon Merene, Esq.).

4.    On April 8, 2008, Mr. Austin was involuntarily medicated with anti-psychotic medication.[4]

5.    On April 10, 2008, Mr. Austin appeared in Court for a hearing in the above-captioned case, but was subsequently removed from Court prior to the conclusion of the hearing.

The five facts recited above are "not subject to reasonable dispute." Fed. R. Evid. 201. Accordingly, the defense respectfully requests that the Court enter the attached Order taking judicial notice of them.

                      Respectfully submitted,

                      A.J. KRAMER

                      Federal Public Defender

                      _____/s/_____
                      Jonathan S. Jeffress
                      Assistant Federal Public Defender
                      625 Indiana Avenue, N.W., Ste 550
                      Washington, D.C. 20004
                      (202) 208-7500, ex. 134

---

[4] Defense counsel believes that the fact of Mr. Austin's involuntary medication is reflected in the transcript from the April 10, 2008 hearing, but that transcript has not been completed as of this date. In addition, Mr. Austin and his PDS attorney, David Norman, Esq., report that Mr. Austin was involuntarily medicated on April 8.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. 06-368 (RJL/DAR) |
| | ) | |
| **JAMES A. AUSTIN,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER

Upon consideration of defendant's Motion To Supplement Record of *Sell* Hearing, any opposition thereto, and the entire record in this case, and for good cause shown, it is hereby

**ORDERED** that, good cause being shown, Defense Exhibit 11 is hereby **ADMITTED** into the evidentiary record of the *Sell* hearing in this case; it is further

**ORDERED** that, pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the following five undisputed facts:

1. By Order of the Superior Court for the District of Columbia, Mr. Austin was transferred from the D.C. Jail to St. Elizabeth's Hospital, John Howard Pavilion, on or about March 4, 2008.

2. By March 31, 2008, Mr. Austin's doctors at St. Elizabeth's had prescribed Zyprexa, 10 mgs. (Zydis) but Mr. Austin was refusing the medication. Mr. Austin was referred for involuntary medication.

3. A St. Elizabeth's Medication Review Panel met on April 7, 2008 to consider the issue of involuntarily medicating Mr. Austin.

4.   On April 8, 2008, Mr. Austin was involuntarily medicated with anti-psychotic medication.

5.   On April 10, 2008, Mr. Austin appeared in Court for a hearing in the above-captioned case, but was subsequently removed from Court prior to the conclusion of the hearing.

**SO ORDERED.**

_____
The Honorable Deborah A. Robinson
UNITED STATES MAGISTRATE JUDGE

# Exhibit

# 1

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## CRIMINAL DIVISION

UNITED STATES
~~DISTRICT OF COLUMBIA~~

vs.

James A. Austin

Case No. 2006 CF2 021099

PDID/DCDC No. 257-310

## RELEASE ORDER

TO: ☒ Superintendent, D.C. Jail

☐ Superintendent, St. Elizabeths Hospital

☐ Other _____

Disposition having been entered this 4th day of March, 20 08

in the above-entitled case, it is HEREBY ORDERED that the defendant be

☒ Transferred to St. Elizabeth's Hospital at the John Howard Pavilion

☐ Released from custody.

☒ Released into the custody of ~~St. Elizabeth's Hospital at the John Howard Pavilion~~ JLG

_____
DEPUTY CLERK

JUDGE/~~COMMISSIONER~~ Rigsby

Date 3/4/08

DONRIEN STEPHENS 4015

COURT COPY   3/4/08   1707 HRS.

Fom CD-1053/Apr. 00

Case: 2006 CF2 021099

# Exhibit

# 2

GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF MENTAL HEALTH



FILED

2008 APR -2  P 2: 43

March 31, 2008

Our Reference:   DMH/SEFI/RG/ee  
Your Reference:  Criminal Case Number

James Austin (# 259, 096)  
CF2 021099-06; PDID #: 257-310

The Clerk  
Criminal Division  
Superior Court  
of the District of Columbia  
500 Indiana Avenue, NW, Room 4010  
Washington, D.C. 20001

Dear Sir:

We wish to call to your attention the case of James Austin, who was admitted to the Forensic Inpatient Services Division by Court order on March 4, 2008, under the provisions of Title 24, Section 501(a) of the D.C. Code for mental examination, with report due on or before April 4, 2008, with a charge of Threats To Do Bodily Harm pending.

Dr. Ramia Gupta, staff psychiatrist, recently examined Mr. Austin and the following determinations were made at a diagnostic staff conference. He is incompetent to stand trial by virtue of not having a factual or rational understanding of the proceedings pending against him and being unable to consult with counsel with a reasonable degree of rational understanding.

He has been diagnosed with Schizoaffective Disorder, Bipolar Type and Antisocial Personality Disorder. He has been prescriped Zyprexa (Zydis) 10 mgs AM but is currently refusing medication. He has been referred for involuntary medication.

AUSTIN, James -   The Clerk, Criminal Division, Special Proceedings
The Superior Court of the District of Columbia

Sincerely,

Patrick J. Canavan, Psy.D.
Chief Executive Officer
Saint Elizabeths Hospital

By:  *(signed)* Joseph Henneberry
Director for
Forensic Services

*(signed)* Paul Montalbano, Ph.D.
Pre- Trial Chief
Forensic Inpatient Services

c:
United States Attorney's Office
Judiciary Center
555 4th Street, NW, Room 11-852
Washington, D.C.  20530

Chandra Colvin-Foster, Psy.D., LICSW
Mental Health Director - DOC
Detention Facility, D.C. Jail
1901 D Street, SE
Washington, D.C. 20003

Archie Nichols, Esquire
Suite 600
1717 K Street, N.W.
Washington, D.C.  20036

# Exhibit

# 3

Case 1:06-cr-00368-RJL     Document 30-4     Filed 04/18/2008     Page 1 of 3

# PUBLIC DEFENDER SERVICE
## FOR THE DISTRICT OF COLUMBIA

TRUSTEES

D. ROBBINS
ERSON
WALLACE
HAIRPERSON
S L. BOWEN
W. CIVIDANES
E M. JOHNSON
AH JOPLING
A. RACINE
REY D. ROBINSON
ALD R. VEREEN, JR.
ERT L. WILKINS

633 INDIANA AVENUE. N.W.
WASHINGTON, D.C. 20004

(202) 628-1200
(800) 341-2582
TTY (202) 824-2531
FAX (202) 824-2784

www.pdsdc.org

AVIS E. BUCHANAN
DIRECTOR

PETER KRAUTHAMER
DEPUTY DIRECTOR

April 3, 2008

BY FACSIMILE

Deon Merene
Deputy General Counsel
Office of the General Counsel
Department of Mental Health
64 New York Avenue
Washington, D.C.

Dear Deon:

I am writing to follow-up on the voicemail I left you on Tuesday regarding the upcoming Medication Review Panel concerning James Anthony Austin. On Mr. Austin's behalf, I am requesting that one of the designated panelists be replaced.

I learned from Ms. Spencer that Ms. Frances Wade, the SEH Consumer Affairs Liaison, has been designated to sit as the consumer representative on the panel when it convenes this coming Monday, April 7th at 3:00 p.m. With due respect to Ms. Wade, there are two reasons why she cannot participate on the panel. First, the Mental Health Consumers' Rights Protection Act requires that the panel be independent, and specifically that none of the panelists be affiliated with the individual consumer, *the provider*, or the physician seeking to administer the medication." D.C. Code § 7-1231.08(c)(7). Unless I am mistaken, Ms. Wade is employed by the provider in this situation, Saint Elizabeths Hospital.

In addition to this statutorily-defined conflict, there is unfortunately an actual conflict between Ms. Wade and Mr. Austin that renders Ms. Wade an unsuitable candidate for participation on a panel reviewing Mr. Austin's appeal of a decision that he be medicated involuntarily. Entries in

Mr. Austin's medical record indicate that very recently Ms. Wade reported to hospital staff that she felt Mr. Austin was harassing her with persistent phone calls and requested that the staff
Letter to Deon Merene
April 3, 2008
Page 2.


restrict his phone privileges accordingly. For his part, Mr. Austin has expressed dissatisfaction with the way Ms. Wade has handled grievances that Mr. Austin has lodged with her in the past. Without passing judgment on either of the individuals involved or the veracity of their complaints, it would seem terribly misguided to have Ms. Wade participate in deciding whether Mr. Austin should be medicated against his will.

Respectfully, we request that another consumer representative be substituted for Ms. Wade and will gladly consent to postponing the panel as needed to arrange for such a substitution. I note that the Hospital's policy states a clear preference for the appointment of "patients or advocates who are contracted by DMH to serve on the review panel." SEH Policy No. 201-05, ¶ IV.B.3.c.3. I encourage you to contact Effie Smith, at Consumer Action Network, for assistance in locating a suitable candidate for appointment to the panel.

Thank your for your consideration of this request. I can be reached at 202 824-2421 if you would like to discuss the matter.


Sincerely,


David L. Norman
Counsel for James Anthony Austin