## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 06-368 (RJL/DAR)** |
| | ) | |
| **JAMES A. AUSTIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### DEFENDANT'S REPLY TO GOVERNMENT'S REPLY
### TO MOTION TO SUPPLEMENT RECORD OF *SELL* HEARING

Defendant, James A. Austin, through undersigned counsel, respectfully submits this Reply to the Government's Reply to Defendant's Motion to Supplement the Record of *Sell* Hearing.  As explained below, based upon the documents the government now seeks to admit and the admissions contained in the government's pleading, the defense and the government now appear to agree on the important facts included in defendant's Motion to Supplement.  The defense will accordingly join in the government's request that the Court sign the government's proposed Order, as well as the attached proposed order admitting additional defense exhibits without objection.

**Proposed Defense Exhibit 11.**

The government does not object to the admission of defense exhibit 11, so the defense respectfully submits that the Court should now admit that document.  The government adds, however, that:

> [s]ignificantly, the document does not indicate what medication was given in 2006, and whether it is the same medication that would be given in 2008.  Without additional medical testimony, to claim that Exhibit 11 has any significant weight would be misleading.

Gov. Reply at 2.

In fact, the medication that Mr. Austin was administered in 2006 is already in the record. Defense exhibit 9, which is a compilation of medical records already admitted without objection, reflects that Mr. Austin was involuntarily medicated on or about October 20, 2006, with 10 mg. of the generic version of Zyprexa (called Zydis). *See* DX 9, 10/20/06 Progress Note ("He will be started on zydis 10 mg . . . to be given IM if he refuses . . . meds"). On November 20, 2006, Mr. Austin's dosage of Zyprexa was increased to 20 mg. *See id.*, 11/20/06 Progress Note ("will increase Zydis to 20 mg."). The alleged threat to Judge Ramsey Johnson was on or about December 4, 2006. Zyprexa is one of the medications the government has proposed involuntarily medicating Mr. Austin with in this proceeding. *See* Gov. Ex. 2 (psychiatric report of Dr. Sarrazin, dated November 29, 2007, at p. 7) ("If Mr. Austin did not respond to, or had difficulty with, risperdal we would likely switch to zyprexa which is a medication he has tolerated in the past").

**Judicial Notice**

In defendant's Motion to Supplement the Record of *Sell* Hearing, the defense requested that the Court take judicial notice of the following five facts:

1.    By Order of the Superior Court for the District of Columbia, Mr. Austin was transferred from the D.C. Jail to St. Elizabeth's Hospital, John Howard Pavilion, on or about March 4, 2008.

2.    By March 31, 2008, Mr. Austin's doctors had prescribed Zyprexa, 10 mgs. (Zydis) but Mr. Austin was refusing the medication. Mr. Austin was referred for involuntary medication.

3.      A St. Elizabeth's Medication Review Panel met on April 7, 2008 to consider the

issue of involuntarily medicating Mr. Austin.

4.      On April 8, 2008, Mr. Austin was involuntarily medicated with anti-psychotic

medication.

5.      On April 10, 2008, Mr. Austin appeared in Court for a hearing in the above-

captioned case, but was subsequently removed from Court prior to the conclusion

of the hearing.

**Requests 1 and 2**

With respect to the first two requests, the government correctly points out that those facts

are reflected in the exhibits offered as attachments to Defendant's Motion to Supplement (defense

exhibits 1 and 2) and in the government's other exhibits from the April 10th hearing.  The defense

agrees with the government that the Court should now admit those documents (though the defense

proposes re-naming "defense exhibits 1 and 2" as defense exhibits supp-1 and supp-2, to avoid

confusion with previously admitted documents).  The defense will therefore withdraw the request

for judicial notice of the first two facts and rely on the foregoing exhibits for those facts.

**Request 3**

With respect to the government's position on defendant's third request, the government

will now stipulate that "A St. Elizabeth's Medication Review Panel was scheduled to meet on

April 7, 2008 to consider the issue of voluntary medication."  Gov. Reply at 3.  The defense

accepts that stipulation and will withdraw its request for judicial notice of the third fact.  When

combined with the government's admission that Mr. Austin was involuntarily medicated at St.

Elizabeth's on April 7, 2008, the Court may easily infer that St. Elizabeth's approved the

involuntary medication of anti-psychotic medication at the planned meeting on April 7, 2008.

**Requests 4 and 5**

With respect to the final two requests (## 4 and 5), the government states that "both the fact that the defendant was involuntarily medicated at St. Elizabeth's Hospital, and that he was removed from Court prior to the conclusion of the hearing are contained in the record of the April 10, 2008 record." Gov. Reply at 3. The government also states that it "believes the record will reflect that the defendant was medicated on April 7th, rather than April 8th." *Id.* Given that the government now admits to all the important facts underlying requests 4 and 5, the defense will withdraw its request for judicial notice of those same facts.

**CONCLUSION**

Based upon the foregoing, the defense respectfully requests that the Court sign the

government's proposed Order submitted to the Court, as an attachment to the government's

Reply, on April 30, 2008.  The defense respectfully requests that the Court also sign the amended

proposed order attached to this pleading, which admits defense exhibits supp-1, supp-2, and

defense exhibit 11, all of which are offered without objection

                            Respectfully submitted,

                            A.J. KRAMER

                            Federal Public Defender

                            _____/s/_____

                            Jonathan S. Jeffress
                            Assistant Federal Public Defender
                            625 Indiana Avenue, N.W., Ste 550
                            Washington, D.C.  20004
                            (202) 208-7500, ex. 134

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| _____ | ) | |
| **UNITED STATES OF AMERICA** | ) | |
|  | ) | |
| **v.** | ) | **Criminal No. 06-368 (RJL/DAR)** |
|  | ) | |
| **JAMES A. AUSTIN,** | ) | |
|  | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**ORDER**

Upon consideration of defendant's Motion To Supplement Record of *Sell* Hearing, the

government's reply thereto, and defendant's reply, and the entire record in this case, and for good

cause shown, it is hereby

**ORDERED** that Defense Exhibits Supp-1, Supp-2, and 11 are hereby **ADMITTED**

**WITHOUT OBJECTION** into the evidentiary record of the *Sell* hearing in this case.

**SO ORDERED.**

_____
The Honorable Deborah A. Robinson
UNITED STATES MAGISTRATE JUDGE