UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | |
| JAMES A. AUSTIN, | : | Criminal Case No. 06-368 (RJL/DAR) |
| Defendant. | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION
TO GOVERNMENT'S MOTION TO RECUSE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits the following Reply to Defendant's Opposition to Government's Motion to Recuse. In support of this Motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this issue:

1. Defense counsel has included an excerpt of the transcript from the April 10, 2008, hearing in both the body of his reply brief, see Def. Opp. at 6, and as an exhibit. He then argues that "[b]ased upon the events of the April 10 hearing, the government has now moved to recuse the Court." Id.[1] While the Government acknowledges that the transcript of the hearing contains several inaudible portions, that is not uncommon when a transcript is made from a tape recording. What is apparent from the transcript is that immediately after the defendant was brought out by the Deputy U.S. Marshals, an unknown male says, "Shhh!" and then "_____ use

---

[1] The Government is referring to "defense counsel" rather than "the defendant" because, as noted by the Court and in the Government's initial motion, the defendant is not mentally capable at this time to agree or disagree with defense counsel's position.

force, Officer," both of which would be nonsensical comments unless something had just occurred.  Surely defense counsel is not suggesting that the threat did not occur because it is not in the transcript and, significantly, he never disputes the Government's recollection of the precise words used by the defendant.  Nor could he, as there were numerous other witnesses to the threat.  Thus, to the extent that defense counsel is arguing that the lack of a full transcript hurts the Government's position on this issue, that claim is meritless.

      2.  Defense counsel also argues that "[a]s the government acknowledges, recusal of the Court at this stage of the proceedings would have the effect only of preventing this Court from issuing its Report and Recommendation on the *Sell* issue to Judge Leon."  Def. Opp. at 6.  If defense counsel is suggesting that the Government is seeking this recusal as a means of avoiding this Court's findings of fact and recommendations out of concern that the Court will make an adverse recommendation to Judge Leon, that is blatantly false.  Recusal protects the appellate record should the Court:  a) not recuse itself; b) submit findings and recommendations to Judge Leon in favor of the Government's position in the *Sell* litigation; and c) based on those findings and recommendations, Judge Leon orders the involuntary medication of the defendant.  If the defendant becomes competent, he would be able to argue that the Court recommended the involuntary medication *because of* the defendant's threat and that defense counsel was ineffective for failing to request that the Court recuse itself.  As noted above, defense counsel cannot waive this issue on behalf of the defendant because the defendant is not currently competent to agree to that waiver.  Conversely, the Government would have an argument that the Court did *not* recommend the involuntary medication because the Court wanted to appear unbiased.  The bottom line, as noted in case after case, is that it is the *appearance* of bias or

prejudice that is at issue, not whether the Court is actually biased or prejudiced.  Liteky v. United States, 510 U.S. 540, 533 n.2 (1994) (noting that under § 455(a), "[t]he judge does not have to be *subjectively* biased or prejudiced, so long as he *appears* to be so") (emphasis in original).

    3.  Defense counsel argues that "of Mr. Austin's many alleged judicial threats, there is not a scintilla of evidence Mr. Austin has ever attempted to make good on a single one, despite significant time out in the community" and that "Mr. Austin is a mentally ill individual who has been institutionalized for the majority of his life; he is certainly not a member of a gang, nor is he someone with 'accomplices.'"  Def. Opp at 9.  Defense counsel's focus on "judicial" threats is necessary for his argument, because, as he is aware, *before* being civilly committed, the defendant was charged with arson in Superior Court case 2002FEL006197, in which his mother was the complaining witness, for setting a trash can on fire on the porch of her house.  A grand jury indicted the defendant on arson; this was not a case, as claimed by defense counsel, where the defendant simply "set fire to leaves in a trash can in his mother's back yard."  See Def. Opp. at 2, n.3.  Then, *after being civilly committed in April 2006*, the defendant was arrested on September 22, 2006 – just five months later -- and charged in Superior Court case 2006CF2021099, with threatening to burn down his mother's house again.  Thus, there is more than a "scintilla of evidence" that the defendant's past includes both threats and actions.  Moreover, that the defendant is "mentally ill" as opposed to being in a gang or having accomplices does not reduce the threat as horrific crimes committed by mentally unbalanced individuals are in no way uncommon.

    4.  Defense counsel further argues that "[w]hile Mr. Austin may not have acted from a conscious desire to manipulate the system, it should be undisputed that he acted while in a state

of mental illness. The recusal analysis should therefore be the same, as the effects on the judicial system are the same." Def. Opp. at 11. Defense counsel cites no authority for that proposition, nor is it a reasonable argument. As the Government noted in its initial brief, many courts have made the distinction between a "genuine" threat and one made just to manipulate the system. Where the threat is genuine, recusal is warranted; where it is made to manipulate the system, recusal is not. United States v. Nettles, 394 F.3d 1001, 1002 (7th Cir. 2005) (noting that "a threat to a judge that appears to be genuine and not just motivated by a desire to recuse the judge requires recusal"); United States v. Greenspan, 26 F.3d 1001, 1006 (10th Cir. 1994) (noting that where there is nothing to suggest that threat was a ruse, ploy, attempt to manipulate the system, or other vexatious or frivolous purpose, threatened judge should have recused himself). That a defendant is mentally ill or incompetent does not make his or her threat less than genuine, or make that defendant less dangerous. Thus, it would not make sense for the courts to focus on the "effects on the judicial system" rather than on the actual threat.

     5. Finally, defense counsel cites United States v. Greenspan, 26 F.3d 1001, 1005 (10th Cir. 1994) and notes that the Tenth Circuit *upheld* the determination by the district judge not to recuse itself despite the judge's knowledge of an alleged conspiracy to kill the judge and his family. See Def. Opp. at 7-8. This is a misstatement of the law. The Tenth Circuit actually *reversed* the district court on this issue, and noted that:

> Recusal under section 455 is to be judged on the record. It is not a question of either the government or the defendant bearing a burden of proof. Rather, recusal is an action taken by the judge, and the judge must document the reasons for his or her decision so that the decision may be reviewed, if necessary, by an appellate court. Here, the record convinces us that the judge's impartiality might

>reasonably be questioned, and thus his recusal is mandated by 28 U.S.C. § 455(a).
>
>There are few characteristics of a judiciary more cherished and indisputable to justice than the characteristic of impartiality.  Congress has mandated that justice must not only be impartial, but also that it must reasonably be perceived to be impartial.

Greenspan, 26 F.3d at 1007.

WHEREFORE, for the above reasons, the Government respectfully requests that the Court recuse itself from any further participation in this matter, and that the record of the Sell hearing be submitted to Judge Leon without this Court's findings of fact and recommendations.

>Respectfully submitted,
>JEFFREY A. TAYLOR
>United States Attorney

BY: _____/s/_____
JEAN W. SEXTON
Assistant United States Attorney
NJ Bar No. 02122-1995
555 4th St., N.W. Room 4235
Washington, D.C. 20530
(202) 305-1419
Jean.Sexton@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | |
| JAMES A. AUSTIN, : | Criminal Case No. 06-368 (RJL/DAR) |
| : | |
| Defendant. : | |
| _____: | |

**ORDER**

Based upon a finding of good cause shown, following consideration of the Government's Motion for Recusal and the responses thereto, it is:

ORDERED that Magistrate Judge Deborah A. Robinson hereby recuses herself from any further participation in this matter, and

ORDERED that the record of the Sell hearing in this matter be submitted to District Court Judge Richard J. Leon without the findings and recommendation of Magistrate Judge Deborah A. Robinson.

_____
DEBORAH A. ROBINSON
United States Magistrate Judge


copies to:

Jean Sexton
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530

Jonathan Jeffress, Esq.
Assistant Federal Public Defender
Federal Public Defender for the District of Columbia
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004